UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06CR-100-FL

FILED
OCT 2 5 2006

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| LUKE MICHAEL CHURCHILL ) | |

The Grand Jury charges that:

### COUNT ONE

(Receipt of Child Pornography)

During a period of time beginning before September 23, 2003, and continuing until at least on or about September 23, 2003, in the Eastern District of North Carolina, LUKE MICHAEL CHURCHILL, the defendant herein, did knowingly receive visual depictions, that is, digital and computer images in files that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct and were depictions of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(2).

### COUNT TWO

(Possession of Child Pornography)

During a period of time beginning before October 17, 2006, and continuing until at least on or about ~~December~~ & OCTOBER n 06 17, 2006, in the Eastern District of North Carolina, LUKE MICHAEL CHURCHILL, the defendant herein, did knowingly possess one or more matters, that

is; computer hard drives and computer media containing digital and computer images, the production of which involved the use of a minor engaging in sexually explicit conduct, and which images visually depicted such conduct. The images had been mailed, shipped and transported in interstate and foreign commerce, and were produced using materials which had been mailed, shipped, or transported in interstate and foreign commerce, by any means including by computer, all in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## FORFEITURE ALLEGATION

If convicted of one or more of the offenses set forth in Counts 1-2 above, LUKE MICHAEL CHURCHILL, the defendant herein, shall forfeit to the United States —

(1) any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offense(s);

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s)

— all pursuant to Title 18, United States Code, Section 2253(a).

The forfeitable property includes, but is not limited to:

1. A computer tower and related media and accessories seized from Churchill's residence on or about October 17, 2006.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Sections 2253(o) or 1467(n), whichever may be applicable, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

Foreperson

Date: Oct 25, 2006

GEORGE E. B. HOLDING
United States Attorney

BY: JOE EXUM, JR.
Assistant United States Attorney
Criminal Division